IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL K. RIGGINS         :
                           :
v.                         :      CIVIL NO. CCB-16-1687
                           :
SYLVIA MATTHEWS BURWELL, ET AL.  :
               ...o0o...

## MEMORANDUM

On May 27, 2016, Michael Riggins, representing himself, filed suit in this court against his former employer, the Department of Health & Human Services ("DHHS"). He alleges gender and disability discrimination, and retaliation, under Title VII, 42 U.S.C. § 2000e, and the Rehabilitation Act, 29 U.S.C. §§ 791-794. Now pending is a fully-briefed motion for summary judgment. For the reasons stated below, the motion will be granted.[1]

Mr. Riggins was hired by DHHS on February 27, 2011 as a Customer Service Representative ("CSR") and Team Lead for three female CSRs in a Supply Service Center in Perry Point, Maryland, subject to a one-year probationary term. (Notification of Personnel Action, ECF No. 13-6; Steven Pearson Aff. at ¶ 7, ECF No. 13-7; Steven Pearson Depo. at pp. 20–21, ECF No. 13-22). Mr. Riggins is male and has a Veterans' Administration 10% disability rating for hearing loss and anxiety disorders. (Compl. at §§ III.D & E).

Mr. Riggins became the subject of complaints from several co-workers. On April 28, 2011, his supervisor Steven Pearson and Irene Grubb held a group meeting with Riggins and the other CSRs to "clear the air," but the meeting was not successful. (Steven Pearson Aff. at ¶ 15; Irene Grubb Aff. at ¶¶ 12–16, ECF No. 13-12). On June 30, 2011, after Riggins had a verbal confrontation with Allison Lempka and Jennifer Walters, (Jennifer Walters Aff. at ¶ 14, ECF No.

---

[1] Plaintiff's motion for counsel (ECF No. 3) will be denied. The parties have compiled a thorough record and Mr. Riggins is able to effectively present his arguments.

13-8; Marvyne Stewart Aff. at ¶ 19, ECF No. 13-9; Allison Lempka Aff. at ¶¶ 10, 12–13, ECF No. 13-11), Pearson placed him on paid administrative leave. (Steven Pearson Aff. at ¶ 27; Irene Grubb Aff. at ¶¶ 27–28; Mem. to Michael Riggins from Steven Pearson, ECF No. 13-16; Steven Pearson Depo. at pp.101–103). After investigation, Riggins was directed to report back for duty in another area on July 25, 2011, (Mem. to Michael Riggins from Irene Grubb, ECF No. 13-17), but he refused the new work assignment. He was again ordered to return to work on August 1, 2011; when he refused he was placed on AWOL status (absence without leave) and was terminated on August 24, 2011. (Steven Pearson Aff. at ¶ 29; Irene Grubb Aff. at ¶ 31; Mem. to Michael Riggins from Steven Pearson, ECF No. 13-18; Steven Pearson Depo. at pp. 111–113).

Riggins filed an informal EEO complaint on July 5, 2011, a formal complaint on August 11, 2011, and an amended complaint on September 8, 2011. (Formal EEO Admin. Compl., ECF No. 13-3; DHHS Acceptance of Am. EEO Admin. Compl., ECF No. 13-4). After a hearing, an Administrative Law Judge ("ALJ") apparently found on September 10, 2013, that no discrimination had occurred. (Defs.' Mem. in Supp. of Mot. to Dismiss at 15, ECF No. 13-1). The ALJ's decision was upheld by the Office of Federal Operations on March 24, 2016, and July 7, 2016. (*Id.*). This lawsuit followed.

The court will assume without deciding that Riggins has stated a *prima facie* claim for gender and disability discrimination and retaliation, at least in regard to his termination. He has provided no evidence, however, that his employer's proffered legitimate reasons for its actions are a pretext for discrimination. *See Laing v. Fed. Express Corp.*, 703 F.3d 713, 721 (4th Cir. 2013).[2] The various issues he complains of are discussed below.

---

[2] While *Laing* concerns alleged retaliation under the Family Medical Leave Act (FMLA), claims of retaliation under FMLA are analogous to discrimination claims brought under Title VII, *see Yashenko v. Harrah's N.C. Casino Co.*, 446 F.3d 541, 551 (4th Cir. 2006), and, as such, are analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

First, as to the alleged lack of training and the placement of a camera in the CSRs' workspace, there is no evidence that the on-the-job training provided for Riggins was different from the training provided for the non-disabled female CSRs. (Jennifer Walters Aff. at ¶¶ 6–8; Marvyne Stewart Aff. at ¶¶ 6–8; Kolene Gaylord Aff. at ¶¶ 6–8, ECF No. 13-10; Irene Grubb Aff. at ¶¶ 8–10; Email to Michael Riggins from Kolene Gaylord, ECF No. 13-21; Steven Pearson Depo. at pp. 30–35). The security camera was not the first installed in the Perry Point workplace, nor was it directed at Riggins to any extent greater than his co-workers. (Steven Pearson Aff. at ¶ 19; Jennifer Walters Aff. at ¶¶ 10–12; Marvyne Stewart Aff. at ¶¶ 12–15; GX 8 at ¶¶ 10–12; GX 10 at ¶¶ 19–23; GX 12 at ¶¶ 12–13. Riggins also complains he was falsely accused of sexual harassment by one of the female CSRs. Pearson explained that he interpreted the complaint as one of harassment generally. (Steven Pearson Aff. at ¶ 12). The female CSR denied alleging sexual harassment. (Marvyne Stewart Aff. at ¶ 9). Riggins was not charged with sexual harassment nor was sexual harassment proffered as a reason for his termination. (Mem. to Michael Riggins from Steven Pearson). Asked to identify a comparator, Riggins stated only that a female employee "raised her voice" and was not fired. He did not show any substantial similarity between her conduct and the overall course of events that led to his termination.

Riggins' termination followed an escalating series of complaints about his loud, volatile, and disrespectful conduct toward fellow employees in the workplace. It also followed supervisors' attempts to "clear the air" by a group meeting, and offers of other placements within the Perry Point location, which Riggins declined. Considering the very thorough record in this case, there is simply no evidence that his employers' management decisions were motivated by his gender or disability, or by his July 2011 EEO complaint. Accordingly, the motion for summary judgment will be granted.

A separate order follows.

February 27, 2017 /S/
Date Catherine C. Blake
United States District Judge